IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ERIK IVAN RODRIGUEZ FLORES,** <br> Petitioner, <br><br> v. <br><br> **PAMELA BONDI,** *Attorney General, et al.*, <br> Respondents. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | EP-26-CV-00338-DB |

## ORDER

On this day, the Court considered the above-captioned case. On February 5, 2026, Petitioner Erik Ivan Rodriguez Flores filed a "Verified Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the Camp East Montana Detention Facility in El Paso, Texas in the Western District of Texas. *Id.* at 3. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 18. He further asks the Court to prevent his transfer out of the district or out of the United States. *Id.* On February 5, 2026, the Court ordered Respondents not to (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 3.

Petitioner is a citizen of Venezuela who entered the United States in 2023 using the CBP One app. ECF No. 1 at 7. Upon entry, Petitioner applied for asylum. *Id.* His application is still pending before the immigration court. *Id.* Petitioner is not subject to a final order of removal. *Id.* On January 7, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents outside his home in Minnesota. *Id.* Petitioner argues, among other things, his detention violates his Fifth Amendment due process rights because, to date, he has not been afforded an individualized determination as to flight risk or dangerousness. *Id.* at 7, 12–13.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 2 at 1–2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.* at 2.

Respondents filed their response on February 10, 2026, ECF No. 4. Therein, Respondents aver the Fifth Circuit's recent decision in *Buenrostro v. Bondi*, No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) is dispositive in this case. Respondents reason "Petitioner's contention that detention should be governed by, 8 U.S.C. § 1226, that Petitioner is being unlawfully detained and deprived of a bond hearing, and that the detention violates the United States Constitution were rejected in *Buenrostro*." ECF No. 4 at 3–4. This Court disagrees.

This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez* held Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls

within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge."). In accepting the interpretation as true at the outset, this Court already considered the posture Respondents have now definitively established in the Fifth Circuit. Without more, this Court will not deviate from its as-applied analysis in light of Petitioner's constitutional rights.

In their attempt to achieve a different outcome in this case, Respondents raise two points this Court has already rejected in previous decisions. First, Respondents allege "Petitioner is receiving or has received due process afforded through removal proceedings in immigration court." ECF No. 4 at 11. Respondents reason that "[i]n upholding the facial constitutionality of § 1225(b) the Supreme Court in *Thuraissigiam* found that applicants for admission are entitled only to the protections set forth by statute in the INA. *Dep't of Homeland Sec. v. Thuraissigiam*, 91 U.S. 103, 140 (finding aliens who arrive at ports of entry are 'treated' for due process purposes 'as if stopped at the border' and 'only have rights regarding admission that Congress has provided by statute')". *Id.* at 11–12. Meaningfully distinct in this case is that Petitioner is raising an as applied procedural due process challenge, not a facial one. Petitioner was paroled into the United States in 2023 and has been living in the country since then. ECF No. 4 at 2. As this Court made clear:

> Respondents' position overlooks the well-established "distinction between an alien who has effected an entry into the United States and one who has never entered [that] runs throughout immigration law." *Zadvydas [v. Davis]*, 533 U.S. [678,] 693 [2001]. "[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* (collecting cases). Even in

>*Thuraissigiam*, the core point of the Court's analysis in rejecting an as-applied challenge rested on the fact that as an individual who was on the initial threshold of entry, he wasn't entitled to more due process than that afforded by statute. Precedent and logic tell us that those individuals who have established ties in the country are protected by constitutional procedural due process. After all, it is a "well established" rule "that the Fifth Amendment entitles aliens to due process of law." *Trump v. J. G. G.*, 145 S. Ct. 1003, 1006 (2025).

*Zafra*, 2025 WL 3239526 at *3.

Respondents second and final point on the matter is that the Fifth Circuit noted *Zadvydas v. Davis* is inapplicable in these circumstances. ECF No. 4 at 12. This Court agrees. Given Petitioner is not subject to a final order of removal, 8 U.S.C. § 1231, which *Zadvydas* analyzes, does not apply to Petitioner. ECF No. 1 at 7. In sum, because no new procedural due process arguments were raised and the facts of this case were not distinguished, the same result this Court has reached in similar cases since October 2025 is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED**, Petitioner Erik Ivan Rodriguez Flores' "Verified Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than February 13, 2026.**

**IT IS FURTHER ORDERED** that, if applicable, Respondents **SHALL FILE** an advisory informing the Court when the bond hearing will be held in accordance with the preceding order **no later than February 12, 2026**.

**IT IS FINALLY ORDERED** that, if applicable, Respondents **SHALL FILE** an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision **no later than February 17, 2026.**

**SIGNED** this **11th** day of **February 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE