# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ERIK IVAN RODRIGUEZ FLORES,** <br> Petitioner, <br><br> v. <br><br> **PAMELA BONDI,** *Attorney General, et al.,* <br> Respondents. | § § § § § § § § § § | EP-26-CV-00338-DB |

## ORDER

On this day, the Court considered Petitioner Erik Ivan Rodriguez Flores' ("Petitioner") "Amended Motion Challenging Bond Decision and to Enforce Habeas Judgment" ("Motion"), ECF No. 12, filed on March 5, 2026. On February 11, 2026, this Court issued an "Order," ECF No. 6, granting in part Petitioner's "Verified Petition for Writ of Habeas Corpus," ECF No. 1. Therein, the Court ordered Respondents to either (1) provide Petitioner with a bond hearing before an immigration judge ("IJ") at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings. ECF No. 6 at 4. On February 17, 2026, Respondents filed an advisory notifying the Court that the IJ denied "Petitioner's custody reconsideration because [Petitioner] presented a flight risk due to a final order of removal in place." ECF No. 8 at 1. Thereafter, Petitioner filed the instant Motion, arguing he did not receive a constitutionally adequate bond hearing because, among other things, he was not represented by counsel at the hearing. ECF No. 12 at 3.

To the extent Petitioner challenges the IJ's flight risk finding or asks the Court to reweigh the evidence, the Motion is denied. However, Petitioner also states that he was unable to confer with counsel prior to the bond hearing and was unrepresented during the hearing. ECF No. 12 at 2–3. Individuals have a right to counsel during removal proceedings so long as they hire their own attorney. *See* 8 U.S.C. § 1362 ("In any removal proceedings before an immigration judge. . . the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings. . . ."). Here, Petitioner retained counsel on his own behalf. Yet, it appears that neither Petitioner nor counsel was provided advance notice of the bond hearing, and, as a result, Petitioner went unrepresented during these proceedings. As such, further clarification is needed to fully assess whether Petitioner received a constitutionally adequate hearing.

Accordingly, **IT IS HEREBY ORDERED** Petitioner **SHALL FILE** a supplemental notice, by **no later than March 13, 2026**, advising the Court whether Attorney Maria Amelia Calaf or Attorney Jennifer Rappoport were authorized to appear on behalf of Petitioner during his removal proceedings; if not, whether Petitioner had otherwise retained counsel to represent him during his removal proceedings; and whether they or any other attorney authorized to represent Petitioner received prior notice of Petitioner's bond hearing on February 13, 2026.

**IT IS FURTHER ORDERED** that, if it is determined that Attorney Calaf or Attorney Rappoport were authorized to appear on behalf of Petitioner during the bond hearing, or Petitioner otherwise hired counsel to represent him during his removal proceedings, Respondents **SHALL FILE** a supplemental notice, by **no later than March 18, 2026**, advising the Court whether

Petitioner's counsel was given notice of the bond hearing; if not, then why; and their position as to what the absence of counsel at the bond hearing means for this habeas case.

**SIGNED** this **10th** day of **March 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE