**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ERIK IVAN RODRIGUEZ FLORES,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00338-DB** |
| | § | |
| **PAMELA BONDI,** *Attorney General, et* | § | |
| *al.*, | § | |
| **Respondents.** | § | |
| | § | |

## <u>ORDER</u>

On this day, the Court considered above-captioned case. On February 11, 2026, this Court issued an "Order," ECF No. 6, granting in part Petitioner's "Verified Petition for Writ of Habeas Corpus," ECF No. 1. Therein, the Court ordered Respondents to either (1) provide Petitioner with a bond hearing before an immigration judge ("IJ") at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings. ECF No. 6 at 4. On February 13, 2026, Petitioner received a bond hearing before Immigration Judge Jessica Miles. ECF No. 8–1. During the hearing, the IJ denied Petitioner bond, finding Petitioner presented a flight risk because he has a final order of removal. *Id.*

On March 5, 2026, Petitioner filed an "Amended Motion Challenging Bond Decision and to Enforce Habeas Judgment" ("Motion"), ECF No. 12. Therein, Petitioner argues he did not receive a constitutionally adequate bond hearing because (1) the IJ's order denying bond was insufficiently detailed, therefore did not comply with the Court's Order, ECF No. 6, and (2) Petitioner was unable to confer with counsel prior to the bond hearing and was unrepresented

during the hearing. ECF No. 12 at 2–3. Petitioner also challenged his underlying removal order, which formed the basis of the IJ's decision to deny bond. ECF No. 12 at 4–5. Petitioner argues the removal proceedings were "problematic" because it is unclear whether Petitioner was given an opportunity to contact counsel prior the hearing in which he was ordered removed. *Id.*

On March 10, 2026, the Court denied Petitioner's Motion "to the extent Petitioner challenges the IJ's flight risk finding or asks the Court to reweigh the evidence," but found good cause to order supplemental briefing on the representation issue. ECF No. 14 at 2. As such the Court ordered Petitioner to file a supplemental notice advising the Court of the following:

> [W]hether Attorney Maria Amelia Calaf or Attorney Jennifer Rappoport were authorized to appear on behalf of Petitioner during his removal proceedings; if not, whether Petitioner had otherwise retained counsel to represent him during his removal proceedings; and whether they or any other attorney authorized to represent Petitioner received prior notice of Petitioner's bond hearing on February 13, 2026.

*Id.*

Petitioner filed two advisories in response to the Court's order. *See* ECF Nos. 16, 17. Therein, Petitioner states he was unable to retain counsel to represent him in his underlying removal proceedings and that Attorneys Maria Amelia Calaf and Attorney Jennifer Rappoport were not authorized to practice in immigration court. ECF No. 16 at 2–3. However, according to Petitioner, the reason he was unable to retain immigration counsel was because he was being held in a "processing" area from January 7, 2026, until approximately January 29, 2026, during which he did not have access to a phone or a tablet, thus was unable to communicate with anyone. *Id.* at 3. Petitioner also states that, on March 13, 2026, he was taken to immigration court for what he learned was a second bond hearing before an IJ. ECF No. 17 at 1–2. During the hearing, IJ denied

bond once again. *Id.* at 2. However, neither Petitioner nor habeas counsel were given notice of the hearing, nor were they provided with a copy of the IJ's order. *Id.* at 2. As such, further clarification is needed before the Court can consider the merits of Petitioner's Motion.

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL FILE** a supplemental notice, by **no later than May 29, 2026**, directly answering the following:

1) Was Petitioner held in "processing" from January 7, 2026, until approximately January 29, 2026?

2) If yes, was Petitioner able to access any means of communication while in "processing" from January 7, 2026, until approximately January 29, 2026?

3) If not, why?

4) Are there any policies/procedures in place governing outgoing communications from detainees, particularly as it relates to contacting/retaining counsel?

5) If yes, what are these policies, and do they place any limitations and/or restrictions on outgoing communications from detainees?

**IT IS FURTHER ORDERED** that, should Respondents answer in the affirmative as to Question 4, Respondents **SHALL INCLUDE** copies of the related policies/procedures as an attachment to the supplemental notice.

**IT IS FINALLY ORDERED** that Respondents **SHALL INCLUDE** a copy of any immigration judge orders issued in Petitioner's removal proceedings during his current detention period as an attachment to the supplemental notice.

**SIGNED** this **26th** day of **May 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE